# UNITED STATES BANKRUPTCY COURT
Middle District of Pennsylvania

In re:
Frank Barrett, Debtor
Chapter 13
Case No.: 5:25-bk-01432-MJC

## MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(b) AND (f)

Debtor, Frank Barrett, appearing pro se, respectfully moves this Honorable Court for entry of an order authorizing the sale of certain real property known as 2148 Vista Cir, East Stroudsburg, PA 18302, free and clear of all liens, claims, and encumbrances. In support of this Motion, Debtor states as follows:

1. Jurisdiction
This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Background
Debtor filed for relief under Chapter 13 of the Bankruptcy Code on May 27, 2025. The property located at 2148 Vista Cir, East Stroudsburg, PA 18302 is an asset of the bankruptcy estate.

3. Terms of Sale
Debtor has received a bona fide offer to purchase the subject property for $160,500.00 from Bright Future SV LLC. A copy of the fully executed Purchase and Sale Agreement is attached as Exhibit A. The proposed short sale is currently under review by the first lienholder, Select Portfolio Servicing, Inc. (SPS). The debtor seeks approval from this Court in anticipation of receiving the lender's short sale approval. A copy of the lender's written approval, once received, will be filed with the Court as a supplemental exhibit prior to closing.

4. Liens and Encumbrances
The property is encumbered by a mortgage serviced by SPS, which will receive all net proceeds from the sale. A preliminary Closing Disclosure is attached as Exhibit B. There will be no proceeds to the Debtor. Any remaining liens will be extinguished by operation of this Court's order approving the sale free and clear under § 363(f).

5. Best Interests of the Estate
A short sale is in the best interest of the estate and creditors. The property is over-encumbered, and foreclosure would result in greater losses. The buyer is ready, willing, and able to close promptly upon final approval from both the lender and this Court.

6. Request to Waive 14-Day Stay

Debtor respectfully requests that the 14-day stay under Bankruptcy Rule 6004(h) be waived **at the time lender approval is received and submitted to the Court**, so that closing may proceed promptly without further delay.

7. Notice

Debtor has served or will serve this motion and all related exhibits upon the Chapter 13 Trustee, the United States Trustee, Select Portfolio Servicing, all secured creditors, and all parties in interest in accordance with Rule 2002.

WHEREFORE, Debtor respectfully requests that this Honorable Court:

1. Authorize the sale of the property located at 2148 Vista Cir, East Stroudsburg, PA 18302 to Bright Future SV LLC for $160,500.00, free and clear of all liens and encumbrances, contingent upon short sale approval from Select Portfolio Servicing, Inc. (SPS);
2. Authorize the payoff of the mortgage to SPS per the forthcoming short sale approval letter;
3. Waive the 14-day stay imposed by Rule 6004(h) upon filing of the lender's short sale approval with the Court;
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Frank Barrett (Pro Se)　　　　　　　*Frank Barrett* (signature)
2148 Vista Cir
East Stroudsburg, PA 18302
Date: 6/20/2025

Attachments:
- Exhibit A – Purchase and Sale Agreement
- Exhibit B – Preliminary HUD-1 or Closing Disclosure
- Certificate of Service

# CERTIFICATE OF SERVICE

I, Frank Barrett, hereby certify that on this date, I served a copy of the foregoing Motion to Approve Sale of Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363(b) and (f), along with all attached exhibits, by First Class U.S. Mail, postage prepaid, to the following parties:

- Chapter 13 Trustee
  Charles J. DeHart, III
  8125 Adams Drive, Suite A
  Hummelstown, PA 17036
- United States Trustee
  228 Walnut Street, Room 1190
  Harrisburg, PA 17101
- Select Portfolio Servicing, Inc.
  Attn: Bankruptcy Department
  P.O. Box 65250
  Salt Lake City, UT 84165-0250

I certify under penalty of perjury that the foregoing is true and correct.

Dated: 06/20/2025

Frank Barrett (Pro Se)
2148 Vista Cir
East Stroudsburg, PA 18302

*Frank Barrett* (signature)

## OPTION TO PURCHASE REAL PROPERTY

AGREEMENT made on the __2__ day of __June__, 20__25__,
between __BARRETT FRANK__
residing at __2148 VISTA CIR, EAST STROUDSBURG, PA 18302__, called the Seller,
and __BRIGHT FUTURE SV LLC__
residing at __1936 1/2 W TILGHMAN ST, ALLENTOWN, PA 18104__, called the Purchaser.

Seller, in consideration of the sum of __ONE THOUSAND DOLLARS AND ZERO CENTS__ ($__1,000.00__), receipt of which is acknowledged, and in further consideration of the reciprocal promises expressed in this agreement, grants to Purchaser an exclusive and irrevocable option to purchase the premises known as __2148 VISTA CIR, EAST STROUDSBURG, PA 10302__,

**EXPIRATION:** Unless otherwise extended in writing, this option shall expire in thirty days after receipt of approved short sale from seller's lender. If the Purchaser fails to exercise the option by such time and date, the option will automatically terminate and the Seller will be entitled to retain the consideration of __ONE THOUSAND DOLLARS AND ZERO CENTS__ ($__1,000.00__) stated above.

**NOTIFICATION:** This option shall be exercised by the Purchaser sending Seller written notice of his intention to so exercise. The notice shall be sent by registered mail, return receipt requested. This agreement shall constitute a **contract of sale** between the parties upon receipt of notice.

**PURCHASE PRICE:** The total purchase price of the property is
ONE HUNDRED SIXTY THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS
($__$160,500.00__), payable as follows:

A deposit of ONE THOUSAND DOLLARS AND ZERO CENTS ($$1,000.00) with the written notice;

ONE HUNDRED FIFTY NINE THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS ($__$159,500.00__) balance at closing; the balance due at closing shall be paid in cash or certified check payable to the order of the Seller.

**SUBJECT TO:** The premises are being conveyed and sold subject to any city, town or village zoning regulations and ordinances in which they lie, which are not violated by existing structures; encroachments upon any street or highway; and covenants and restriction and easements if record provides they do not prohibit or affect the present structures on the premises and their current use, or render title unmarketable.

**DEED:** At the title closing, a bargain and sale deed in proper statutory short forms for recording, which shall be executed and acknowledged so as to convey to Purchaser the fee simple of the premises, free and clear of all encumbrances, except as stated in this agreement and shall contain the covenant required by Section 13 of the Lien Law, shall be delivered from Seller to Purchaser.

**UNMARKETABILITY:** If Seller is unable to convey title in accordance with the terms of this agreement, the Seller's sole liability will be to refund to the Purchaser the amount paid on account of the purchase price and to pay the net cost of examining title and the net cost of any survey made in connection therewith incurred by Purchaser, and, upon such payments being made, this agreement shall be considered cancelled.

**ASSIGNMENT:** The Purchaser shall have the right to assign this agreement, this option being personal to him.

**CLOSING:** The closing of title shall take place at the office of seller's attorney at within 30 days after the mailing of the notice of exercise of the option by Purchaser.

**POSSESSION:** Possession of the premises shall be delivered vacant to the Purchaser on the date of the title closing, free of all leases, tenancies and occupancies.

**MODIFICATION:** This agreement may not be amended, except in writing, and must be signed by all the parties hereto.

IN WITNESS WHEREOF, the parties have signed this agreement the day and year first above written.

_____  
SELLER   FRANK BARRETT

_____  
PURCHASER   BRIGHT FUTURE VC LLC

_____  
SELLER

_____  
PURCHASER

# A. Settlement Statement

**U.S. Department of Housing and Urban Development**

**B. Type of Loan**
1. ☐ FHA  2. ☐ RHS  3. ☐ Conv. Unins  4. ☐ VA  5. ☐ Conv. Ins  6. ☒ Cash  7. ☐ Other

**8. File Number** | **9. Loan Number** | **10. Mortgage Insurance Case Number**

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing, they are shown here for informational purposes and are not included in the totals.

**D. NAME AND ADDRESS OF BORROWER:** Bright Future SV LLC
1936 1/2 W Tilghman St, Allentown, PA 18104

**E. NAME AND ADDRESS OF SELLER:** FRANK BARRETT
2148 VISTA CIR, EAST STROUDSBURG, PA 18302

**F. NAME AND ADDRESS OF LENDER:** CASH

**G. PROPERTY LOCATION:** 2148 VISTA CIR, EAST STROUDSBURG, PA 18302

**H. SETTLEMENT AGENT:** E and E Settlement, Inc. PA
154 Summit Avenue, Pocono Summit PA 18346
(570) 872-6349

**PLACE OF SETTLEMENT:** 154 Summit Avenue, Pocono Summit PA 18346

**I. SETTLEMENT DATE:** 07/01/2025
**DISBURSEMENT DATE:** 07/01/2025

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | 160,500.00 | 401. Contract Sales Price | 160,500.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 2,709.25 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | 160,500.00 |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/Town taxes | | 406. City/town taxes | TBD |
| 107. County taxes | | 407. County taxes | TBD |
| 108. School Taxes | | 408. School Taxes | TBD |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | | 420. Gross Amount Due To Seller | |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 11,803.99 |
| 203. Existing loan(s) taken subject to | | 503. Payoff first mortgage loan | 141,613.45 |
| 204. | | 504. IRS Lien Payoff | 7,082.56 |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 1,000.00 | 520. Total Reduction Amount Due Seller | 160,500.00 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement From/To Seller | |
| 301. Gross Amount due from borrower (line 120) | 160,500.00 | 601. Gross Amount due to Seller (line 420) | 160,500.00 |
| 302. Less amounts paid by/for borrower (line 220) | 1,000.00 | 602. Less reductions in amount due seller (line 520) | 160,500.00 |
| 303. CASH From BORROWER | 164,209.00 | 603. CASH From SELLER | |

## L. SETTLEMENT CHARGES

| 700. Total Real Estate Broker Fees | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| Division of commission (line 700) as follows | | | |
| 701. $3,901.99 to F-Realty Services, Inc Agent RicMarie Sierra | | | |
| 702. $3,901.99 to Barro Real Estate Agent Alla Leybinsky | | | |
| 703. Commission paid at settlement | | | 7,803.99 |
| 704. | | | |
| 705. | | | |
| 706. | | | |

| 800. Items Payable In connection with Loan | | | |
|---|---|---|---|
| 801. Loan Origination Fee | | | |
| 802. Loan Discount | to CASH | | |
| 803. | to CASH | | |
| 804. | | | |
| 805. | | | |
| 806. | | | |

| 900. Items Required By Lender To Be Paid In Advance | | | |
|---|---|---|---|
| 901. Interest from | From 04/18/2024 To 05/01/2024 | | |
| 902. Mortgage insurance premium | | | |
| 903. Hazard Insurance premium | | | |
| 904. | | | |
| 905. | | | |

| 1000. Reserves Deposited With Lender | | | |
|---|---|---|---|
| 1001. Hazard Insurance | | | |
| 1002. Mortgage Insurance | | | |
| 1003. City property taxes | | | |
| 1004. County Property Taxes | | | |
| 1005. Annual assessments | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Adjustments | | | |

| 1100. Title Charges | | | |
|---|---|---|---|
| 1101. Settlement Fee | to E and E Settlement, Inc | 325.00 | 500.00 |
| 1102. Notary Fee | to R & JJ Enterprises | 50.00 | |
| 1103. Deed Preparation | to E and E Settlement, Inc | 275.00 | |
| 1104. Wire Fee | to M&T | 30.00 | |
| 1105. Courier Fee | to FedEx | 50.00 | |
| 1106. Tax Certificate | to E and E Settlement, Inc | 25.00 | |
| 1107. Tax Claim Certificate | to E and E Settlement, Inc | 5.00 | |
| 1108. Title Insurance | to Stewart Title Guaranty Company | 1,452.50 | |
| 1109. Lender's coverage @ $ .00 | | | |
| 1110. Owner's coverage $175,000.00 @ $ 1,452.50 | | | |
| 1111. ENHANL | to E and E Settlement, Inc PA | 400.00 | |
| 1112. | | | |
| 1113. | | | |

| 1200. Government Recording and Transfer Charges | | | |
|---|---|---|---|
| 1201. Recording fees: Deed $96.75 Mortgage Releases | | 96.75 | |
| 1202. City/county tax/stamps Deed $1,750.00 Mortgage | | | 1,750.00 |
| 1203. State tax/stamps Deed $1,750.00 Mortgage | | | 1,750.00 |
| 1204. Miscellaneous fee/taxes | | | |
| 1205. Miscellaneous fee/taxes | | | |
| 1206. e-Recording Fee | to CSC | | |

| 1300. Additional Settlement Charges | | | |
|---|---|---|---|
| 1301. | to | | |
| 1302. | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |

| 1400. TOTAL SETTLEMENT CHARGES | | 2,709.25 | 11,803.99 |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _____ Date: _____